## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MICAH J. WALL a/k/a MICAH J. WALL-ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 11-00193-KD-B |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Counter Claimant and Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICAH J. WALL a/k/a MICAH J. WALL-ELLIS, | ) | |
| | ) | |
| Counter Defendant, | ) | |
| | ) | |
| And, | ) | |
| | ) | |
| V.R.E. (a minor), W.C.E. (a minor), | ) | |
| | ) | |
| Third Party Defendants. | ) | |

### ORDER

This action is before the Court on  defendant Metropolitan Life Insurance Company's (MetLife) response to this Court's order to show cause and plaintiff Micah J. Wall-Ellis' reply (docs. 26, 29, 30).  Metlife was ordered to show cause why no accrued interest on the proceeds of the decedent's Group Accidental Death and Dismemberment Policy was paid into Court. Upon consideration and for the reasons set forth herein, the Court finds that MetLife complied with the order and has shown cause as to why it did not pay accrued interest.

Further, this action is also before the Court on the parties' notice of settlement. Accordingly, this action is set for a *pro ami* settlement hearing on **April 2, 2012 at 2:00 p.m.** before the undersigned in Courtroom 5 A, of the United States Courthouse, 113 St. Joseph St., Mobile, Alabama 36602.  Additionally, on or before **March 28, 2012**, the parties shall file, under  seal, a copy of their proposed settlement agreement.

**The Guardian ad Litem may exercise her discretion as to the best interests of the minors in regard to whether they should attend the hearing.**

<u>The show cause order</u>

In the Notice of Interpleader of Funds,  MetLife interplead "$50,000 . . . being the entire amount at issue in this lawsuit . . . " (doc. 24, p. 2).  However, in MetLife's answer, counterclaim in interpleader and third party interpleader complaint, MetLife stated that it "seeks to deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court." (Doc. 7, p. 18, P 28). Additionally, in MetLife's Motion to Deposit Funds with Court and Appoint Guardian ad Litem for Minor Third Party Defendants, MetLife moved the Court for an order directing it to deposit with the Court, the benefits payable in the amount of $50,000, "together with accrued claim interest, if any[.]" (Doc. 18, p. 2).  The motion was granted and the  Court directed MetLife to deposit the $50,000.00, with interest accrued thereon. (Doc. 22, Order).  MetLife deposited only the $50,000.00 (doc. 25).  At that time the Court ordered MetLife to show cause why no interest was deposited (doc. 26).   As explained below, MetLife will be required to pay prejudgment interest, however said interest was not automatically due under the Plan, thus MetLife has shown cause why it has not deposited the interest.

<u>Analysis</u>

MetLife points out that this Court is faced with a choice of law question because the interpleader defendants are residents of Alabama and the contract of insurance was issued in Arkansas with a provision that Arkansas law would apply.  MetLife argues that because Alabama follows the rule of *lex loci contractus,* Arkansas law controls and under Arkansas law[1] delayed settlement interest is not available for group life insurance policies (doc. 29).[2]   Based thereon, MetLife argues that no interest has accrued on the $50,000.00.   In response, Wall argues that this Court should assess delayed settlement interest because ERISA preempts the Arkansas statutes.

However, ERISA does not provide a basis for a claim for delayed settlement interest. Rather, the ERISA statute provides for the recovery of "benefits due to [a participant or beneficiary] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).   Moreover, the Eleventh Circuit in *Green v. Holland*, 480 F. 3d 1216 (11th Cir. 2007), held that a separate or stand-alone cause of action for interest accrued on a delayed payment is not available unless the ERISA plan expressly provides for accrued interest as a plan benefit. *Green*, at 1222-1223 citing *Flint v. ABB, Inc.*, 337 F. 3d 1326, 1329-30 (11th Cir. 2003) (addressing a stand-alone cause of action for accrued

---

[1] Met Life cites to Ark. Code Ann. § 23-81-118.  Chapter 81 covers life insurance policies. Section § 23-81-118(b)(1), states as follows: "When proceeds of any individual policy of life insurance, delivered or issued for delivery in this state, or refunds of premiums on any individual policy of life insurance delivered or issued for delivery in this state after July 20, 1979, are not paid within a reasonable period of time after proof of the death of the insured has been furnished to the insurer, the insurer shall pay interest upon the proceeds or refunds of premiums at the rate of eight percent (8%) per year."

Chapter 83 governs group life insurance and annuities and there is no comparable statute to § 23-81-118.  Thus, MetLife asserts that the Arkansas statutes do not provide for delayed settlement interest on group life insurance policies.

[2] *See* Doc. 29-1, copy of MetLife's statement of "Policy Situs" : "This policy is issued for delivery in and governed by the laws of Arkansas."

interest on reinstated benefits and stating that "no circuit has recognized a claim for interest under §

502(a)(1)(B) of ERISA. . . .  Given the Supreme Court's unwillingness to allow implied causes of

action under ERISA and the fact that, like the plan in *Clair* [ *v. Harris Trust & Sav. Bank*, 190 F.3d

495, 497 (7th Cir.1999)], the Plan here does not provide for such interest, we follow *Clair* and

conclude that Flint's claim under § 502(a)(1)(B) fails.").

      Although the action before the Court is not a stand-alone action for interest, *Green* and *Flint*,

are instructive on the issue.  Plaintiff Wall has not provided the Court with any evidence that the

Policy or the Wal-Mart Associates' Health and Welfare Plan[3] provides for delayed settlement

interest as a benefit under ERISA.  Accordingly because there is no basis for an automatic award of

delayed settlement interest. *See also Sahlie v. Nolen*,  984 F.Supp. 1389, 1398 (M.D. Ala., 1997)

(finding that other courts have "concluded, and this court agrees, that where a plan neither requires

interest payments on withheld benefits nor prescribes any method of calculating such interest, and

ERISA is silent on the issue, the decision to deny interest payments on withheld benefits could not

be considered unreasonable under any standard of review.")

      However, that does not mean prejudgment interest on a discretionary basis is not available.

*Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Alabama*, 41 F.3d 1476, 1484

(11th Cir. 1995) ("The award of an amount of prejudgment interest in an ERISA case is a matter

'committed to the sound discretion of the trial court.' "); *Smith v. Am. Int'l Life Assurance Co. of

New York*, 50 F.3d 956, 957 (11th Cir. 1995) (awarding prejudgment interest where plaintiff

received judgment for benefits); *Green v. Holland,* 480 F. 3d 1216, 1224 n.4 (11th Cir. 2007)

("*Flint* did not, however, create a per se prohibition on a recovery of interest under § 502(a)(1)(B),

in fact, the *Flint* decision leaves open the prospect of an ERISA claimant litigating and recovering

---

[3] The Summary Plan Description is docketed at document 7-1 through 7-5.

an award of benefits that are due and unpaid under § 502(a)(1)(B) and receiving, as part of that benefits award, interest on those benefits from the time they were due."); *Cheal v. Life Insurance Company of North America*, 330 F. Supp. 2d 1347, 1351-1352 (N.D. Ga., 2004) (awarding prejudgment interest and finding "that Plaintiff's request for interest is 'no more than an ordinary request for prejudgment interest on a judgment [that would be] obtained pursuant to a federal statute.'") (brackets in original) quoting *Skretvedt v. E.I. Dupont de Nemours*, 372 F. 3d 193, 205 (3rd Cir. 2004).  The court finds that prejudgment interest is appropriate in this instance.

   Since the policy at issue was "issued for delivery in and governed by the laws of Arkansas" (doc. 29-1, p. 2), the question becomes what state law should this Court apply to determine the rate of prejudgment interest: Alabama as the forum state or Arkansas as the site of the policy.  In *Oliver v. Coca-Cola Co.,* 397 F.Supp. 2d 1327 (N.D. Ala., 2005),[4] the district court held that because the "Plan contains language providing that the law of Georgia governs, the court looks to the interest rate in Georgia . . ." *Id*. at 1331.  Moreover, in *Capone v. Aetna Life Ins. Co.,* 592 F.3d 1189 (11th Cir. 2010), the Eleventh Circuit applied the choice of law provision in an insurance policy to govern the interpretation of policy language in order to determine coverage. Specifically, the circuit court explained that it had "recognized that ERISA's preemptive authority sweeps broadly but concluded that there was no evidence in the statutory language or common law of ERISA suggesting that a valid choice of law provision would be subversive to ERISA policy." *Id*. at 1198 citing *Buce v. Allianz Life Ins. Co.*, 247 F.3d 1133, 1148 (11th Cir.2001).  The circuit court further explained that a choice of law provision in an ERISA contract "should be followed, if not unreasonable or

---

   [4]  The district court was initially affirmed in *Oliver v. Coca Cola Co.,* 497 F.3d 1181 (11th Cir. 2007).  In that decision the circuit court stated that Coca-Cola did not appeal the award of interests and that the issue was waived.  *Id*. at 1202.  Although the case was the heard on rehearing and ultimately vacated in part and reheard again, those later decisions did not involve prejudgment interest. *See Oliver v. Coca-Cola Co.*, 546 F. 3d 1353 (11th Cir. 2008) (decision on rehearing).

fundamentally unfair." *Id.* citing *Buce*, at 1149.   Nothing before the Court indicates that applying the choice of law provision at issue would subvert the policies of ERISA or that the provision is unreasonable or fundamentally unfair.   In that regard, the general prevailing rate for contract disputes in Arkansas is six percent (6%) per annum.  *See* 1 Howard W. Brill & Christian H. Brill, *Arkansas Law of Damages* § 10:4 (5th ed. 2011) (discussing the uniform award of prejudgment interest at the rate of six percent (6%) per annum based upon the Constitution of the State of Arkansas); Ark. Const. Art. 19, § 13(d)(1) (setting the rate of interest for contracts where the parties have not agreed to a rate); *USAA Life Ins. Co. v. Boyce*, 294 Ark. 575, 578, 745 S.W.2d 136, 137 (Ark., 1988) (award of prejudgment interest at the rate of 6% interest per annum affirmed on appeal).   Accordingly, the Court finds that six percent (6%) per annum is the appropriate rate to apply.

       **DONE** and **ORDERED** this the 14th day of March, 2012.


       /s/ Kristi K. DuBose
       **KRISTI K. DuBOSE**
       **UNITED STATES DISTRICT JUDGE**